United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60125
Summary Calendar
_____

MUTOBA M. KASONGO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A76 418 279
--------------------

Before: BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mutoba M. Kasongo, a citizen of the Democratic Republic of the Congo, appeals from the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying asylum, withholding of deportation, and relief under the Convention Against Torture. Kasongo contends that the BIA erred by affirming the IJ's decision without an opinion; that the IJ erred by denying her application for asylum and withholding of deportation because she established past persecution based on her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

political views, and that she established her eligibility for relief under the Convention Against Torture because she presented evidence of past torture by government forces.

We have approved of the BIA's use of summary-affirmance procedures. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The use of those procedures was appropriate in Kasongo's case. *See* 8 C.F.R. § 1003.1(a)(7).

We do not disturb the IJ's finding that Kasongo was not credible. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The record indicated that Kasongo's political activity, and that of her husband, was not sufficient to raise a well-founded fear of persecution by the Congolese government. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Finally, Kasongo has not shown that it is more likely than not that she would be tortured by anybody acting in an official capacity upon return to the DROC. *See* 8 C.F.R. § 208.18(a)(1).

PETITION DENIED.